**CLEVELAND TRUST COMPANY, Plaintiff-Appellant, v. KOLAR et, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23,277. Decided March 16, 1955.

Robert M. Skall, Douglas, Stark, Jett & Biechele, Cleveland, for plaintiff-appellant.

Joseph Saslaw, Cleveland, for defendant-appellee.

## OPINION

By KOVACHY, PJ.

This is an appeal on questions of law from a judgment rendered in the Common Pleas Court of Cuyahoga County granting a petition to vacate a judgment rendered by that Court in a previous term on a cognovit note. The Cleveland Trust Company, a corporation, is the plaintiff-appellant and Mary A. Kolar, the defendant-appellee.

The essential facts are uncontroverted.

1. September 12, 1927, William and Mary Kolar signed a cognovit note due one year after date and mortgage on real estate to secure the same to the Cleveland Trust Company in the sum of $12,000

2. November 6, 1930, last payment made by the Kolars on the note.

3. 1936, The Cleveland Trust Company sued William and Mary Kolar for judgment on the cognovit note and for foreclosure of the property securing the note in Summit County, Ohio.

4. 1937, William and Mary Kolar established permanent residence in Dade County, Miami, Florida.

5. 1938, the action for judgment on the cognovit note was dismissed by The Cleveland Trust Company, the action for foreclosure of the property continued pending.

6. 1941, the foreclosure action was concluded with sale of the property.

7. 1941—the property under foreclosure sold for $5,334; $441.62 was

allocated to current taxes; $125.10 went to court costs; the $4,767.28 remaining was credited to interest due on the cognovit note and carried such interest payments up to January 26, 1936.

8. October 24, 1946, The Cleveland Trust Company, by virtue of the warrant of attorney, took judgment on the note for $14,998.28 with interest at 8% and the costs in the Common Pleas Court of Cuyahoga County, against William A. Kolar and Mary A. Kolar.

9. May 8, 1953, the Cleveland Trust Company filed an action based on the aforesaid judgment in the Circuit Court of Dade County, Florida, against Mary A. Kolar (William Kolar was then deceased)

10. Mary A. Kolar had no notice or knowledge of the judgment against her in Cuyahoga County, Ohio, until sued in the Circuit Court of Dade County, Florida.

11. May 27, 1953, Mary A. Kolar filed a petition to vacate in the Common Pleas Court of Cuyahoga County, Ohio, praying that the judgment rendered against her in that court on October 24, 1946 be vacated.

12. The petition to vacate was verified by affidavit on the part of her attorney, Joseph Saslaw, on authority of §2309.53 R. C.

13. May 28, 1953, Mary A. Kolar filed an answer to the suit in Florida, pleading, inter alia, that "and for the answer to said complaint, defendant says that the plaintiff fails to state a cause of action upon which relief can be granted in that the judgment sued upon was improperly entered, is null and void, and of no force and effect."

14. December 17, 1953, the Circuit Court of Dade County, Florida, rendered judgment in which it "ordered, considered and adjudged that the plaintiff's motions for judgment on the pleadings and summary judgment be and that same are hereby granted and that judgment be and it is hereby entered in favor of the plaintiff, The Cleveland Trust Company, an Ohio corporation, and against the defendant, Mary A. Kolar, for the sum of $14,988.28 plus interest thereon from October 24, 1946, computed at 6% interest, amounting to $6,295.08, making a total judgment hereby entered in favor of the plaintiff, the sum of $21,283.26 for which let execution issue forthwith."

15. March 18, 1954,—hearing had on the petition to vacate in Common Pleas Court of Cuyahoga County.

16. May 25, 1954—Judgment entry of Common Pleas Court of Cuyahoga County that:

"Petition by the defendant to vacate and set aside judgment, heard and the court finding that the answer presented sets forth a valid defense, petition is granted. Judgment vacated. The judgment vacating judgment is suspended pending trial of the cause on the issues joined and leave granted to the defendant to plead instanter to all of which plaintiff excepts."

17. May 25, 1954—answer of defendant filed.

18. The amount of money due on the cognovit note when judgment was sought and obtained in Common Pleas Court of Cuyahoga County was $17,428.67.

19. Defendant appellee based her petition to vacate on the ground that "said judgment was taken for an amount greater than was due;

that there was nothing due on the note because the note was barred by the statute of limitations; that in the alternative, there was some money realized from the sale of real estate securing said note and not credited by the plaintiff on said note. All said facts are within the peculiar knowledge of the plaintiff."

Accordingly, she relied upon §2325.01, par. (1) R. C., for relief in the matter, which reads:

"1. For taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment."

Plaintiff appellant in its asignments of error claims that the petition to vacate did not comply with §§2325.01 and 2325.05 R. C.; that no evidence at all was introduced sustaining said petition; that the judgment was not sustained by the evidence and was contrary to law.

Was this cognovit note barred by the statute of limitations? The salient facts with respect to this, are that the cognovit note was executed in 1927; that payments were made until 1930; that Mrs. Kolar became a permanent resident of Florida in 1937, and that judgment by virtue of the warrant of attorney was rendered in 1946.

Sec. 2305.15 R. C. (11228 GC) reads:

"When a cause of action accrues against a person, if he is out of the state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in §§2305.04 to 2305.14, inclusive, and §1307.08 R. C., does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues, if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

Sec. 2305.06 R. C. (11221 GC) recites:

"An action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."

A note is a promise in writing; a warrant of attorney in this case was an agreement in writing.

On the basis of §2305.15 R. C., the statute of limitations as to the note as well as to the warrant of attorney was tolled from 1937 to the date of judgment rendered on the note on October 24, 1946, because of the absence of Mary A. Kolar from the State of Ohio, during that period of time since the law provides that the time of absence from the state shall not be computed as any part of the period, within which the action must be brought. By 1937 only a part of the fifteen years had run, prescribed by the law as the limit by which an action must be brought on a note and the limit within which authority to confess judgment by virtue of a warrant of attorney in writing must be exercised. The statute of limitations, consequently, had not run on either the note or warrant of attorney, and the power to confess judgment conferred by the warrant of attorney was wholly unimpaired and the balance due on the note fully enforceable. The right to vacate the judgment on this ground was not sustained and could not be invoked as a valid defense to the

action on the cognovit note. The Supreme Court of Ohio, in the syllabus of **Loan Company v. Firestine, 148 Oh St 133,** states the law applicable to the facts in the instant case, as follows:

"The Ohio promisee and holder of a cognovit note executed in Ohio, suing thereon, may invoke the saving provision of §11228 GC, against the promisor, who had left the State of Ohio and had become a resident of another State for a period of years, notwithstanding such absent promisor had executed a warrant of attorney to confess judgment on the note whereby personal judgment could have been rendered against him in Ohio without service of summons, in an action commenced within the 15-year limitation prescribed by §11221 GC."

To further establish a ground for vacation, that the judgment of October, 1946, was for an amount greater than was due, Mary A. Kolar claimed that the note was not credited with money realized from the sale of the real estate in 1941 securing the same. The evidence in the bill of exceptions clearly refutes this claim. An officer of the Cleveland Trust Company testified, from their records, that $4,767.28 was credited to interest on the indebtedness after the payment of current taxes and court costs. This testimony was completely unrefuted. When we consider this, with the further clear testimony of this official, that the sum due on the note at the time of the taking of judgment was $17,428.67, instead of $14,998.28, the amount actually entered on the records of the court, it is manifestly clear that no evidence whatever was introduced in the hearing of this cause to sustain the averments of the petition to vacate that the judgment on the note was taken in an amount greater than was due. We conclude that there was no evidence introduced at the hearing on the petition to vacate to support the grounds on which it was founded.

Plaintiff appellant argues in its brief that the defendant appellee, upon entering her appearance in the Florida action against her, filed an answer which raised affirmative defenses similar to those set forth in her petition to vacate in this case and that consequently all her rights with respect thereto were adjudicated in the action in Florida and are now res adjudicata. We do not so construe the Florida case. The journal entry in the Florida case discloses that the motions of the Cleveland Trust Company for judgment on the pleadings and for summary judgment were granted. We interpret that action as a summary proceeding to a judgment in recognition of the judgment rendered in Ohio under the Full Faith and Credit Provision of the Constitution of the United States, and therefore, in no wise determining or affecting any defenses that Mary A. Kolar may have to the original judgment in this county.

Defendant appellee argues most strenuously that the entry of interest to the year 1936 on the note by the Cleveland Trust Company was a fraudulent attempt to make it appear on the face of the note that the statute of limitations had not run, permitting the entering of the judgment on the note despite the fact that the fifteen-year limit of the statute had run and the enforcement of the note had been barred. From our holding above, it must be evident that this notation of interest had no bearing whatever on the matter of the statute of limitations

and could play no part in the disposition of the case. We further believe that the testimony presented in this record fully explained the reasons for making this notation by the plaintiff appellant negativing any intent to defraud anyone.

The answer of the defendant appellee was filed on the same day that judgment was rendered on the petition to vacate. It includes this averment which was not included in the petition to vacate:

"Further answering, defendant states that a foreclosure was filed in Summit County on January 3, 1935, case No. 19323, consisting of two causes of action; the first cause of action asking for judgment on the note alleged in the petition of the plaintiff, and the second cause of action is to foreclose on land securing said note; that the first cause of action praying for judgment on said note was dismissed on the plaintiff's motion and that the Cleveland Trust Company agreed that no deficiency judgment would be taken on said note."

The facts are not in dispute in this case that such foreclosure action, containing two causes of action, was filed and that the first cause of action was dismissed by the plaintiff, but there is not one word of evidence in the entire bill of exceptions to support the statement "that the Cleveland Trust Company agreed that no deficiency judgment would be taken on said note". This claim was not before the trial court for consideration on the petition to vacate and could not be a ground for granting the same.

Sec. 2325.06 R. C. reads:

"The court of common pleas or the court of appeals must try and decide upon the grounds to vacate or modify a judgment or order, before trying or deciding upon the validity of the defense or cause of action."

**McCullough et v. Luteman, 15 Oh Ap 207:**

"1. In an action to vacate a judgment, the court will first determine whether ground exists for the vacation asked; and if the question is decided in the negative, no necessity will arise for a decision as to whether the answer tendered by the petitioner contained a meritorious defense.

2. In such a case, every reasonable presumption favors the validity of the judgment, whether taken after process issued, by confession or warrant of attorney, and the sanctity which invests the judgment requires that before it can be disturbed the right so to do must be clear, the injury palpable and the evidence convincing."

See, also, **Rabinovitz v. Novak, 4 OO 255.**

Even though such matter had been before the trial court for consideration, it would have availed the defendant appellee for naught because the allegation "that no deficiency judgment would be taken on the said note" could not be interpreted as an agreement to cancel the debt and if such interpretation be wrong, it nevertheless fails as an allegation of a defense for the reason that no consideration is averred to support the claimed agreement.

**9 O. Jur. 620, Sec 368.**

Niswanger v. Staley, 1 Ohio Dec. Repr. 382.

We believe the assignment of error that the petition to vacate did not comply with §§2325.01 and 2325.05 R. C. to be without merit.

The majority of this Court, accordingly, holds that the entire record of this case presents no evidence to sustain the petition filed by the defendant appellee to vacate and set aside the judgment entered against her by the Common Pleas Court of Cuyahoga County, Ohio, on October 24, 1946, and that as a consequence, the judgment entered by the trial court granting the petition to vacate the judgment of October 24, 1946 and suspending the judgment vacating that judgment pending trial of the cause on the issues joined was erroneous and should be and is reversed as contrary to law and thereupon proceeds to render the judgment that the Common Pleas Court should have rendered under the circumstances by entering final judgment for the plaintiff-appellant.

Judgment of the Common Pleas Court reversed and final judgment for plaintiff-appellant.

Exceptions. Order see journal.

SKEEL, J, concurs.

HURD, J, dissents.

## DISSENTING OPINION

No. 23277. Decided March 16, 1955.

HURD, J, dissenting.

It shoud be emphasized that this appeal is here not on the merits, but only from a preliminary order of the trial court, the effect of which was merely to suspend the judgment previously confessed on a warrant of attorney, pending trial on the merits, the action being predicated upon a petition to vacate filed after term, pursuant to the applicable statutes.

The trial court having found that the answer presented and filed was sufficient in law, and having made an entry temporarily suspending the judgment, it was not within the province of the trial court, nor is it within the jurisdiction of this court, to adjudicate at this time the issues raised on the merits by the pleadings.

This case is distinguishable from Loan Company v. Firestine, 148 Oh St 133, which was decided by the Municipal Court upon a motion, within term, when the court had complete control of its docket, and in over-ruling the motion to vacate the cognovit judgment, made findings of fact and conclusions of law which were immediately dispositive of the issues there presented and the facts so found were binding upon the appellate court and the supreme court.

The cases of Roberts v. Davis, 66 Oh St 527, and Bank v. Spies, 158 Oh St 499, are more closely analogous. In my opinion the preliminary procedure in the instant case was sufficient to entitle the defendant to a suspension of the judgment and a complete trial of the cause on the issues presented by the pleadings. The judgment of suspension entered by the Court of Common Pleas should be affirmed and all existing liens preserved pending determination of the cause on the merits.